IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LORRANDA ARNETT,**

**Plaintiff,**

v.  Civil Action No. 3:18cv370

**HODGES LAW OFFICE, PLLC,**

**Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Hodges Law Office, PLLC's ("Hodges") Motion to Dismiss Complaint (the "Motion to Dismiss"). (ECF No. 3.) Plaintiff Lorranda Arnett responded, (ECF No. 6), and Hodges replied, (ECF No. 8). This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[1] For the reasons that follow, the Court will grant the Motion to Dismiss and grant Arnett leave to amend her Complaint.

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Complaint alleges that Hodges violated Arnett's rights protected by the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692e and 1692f.

# I. Procedural and Factual Background[2]

Arnett brings her Complaint against Hodges alleging three violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692e and 1692f, arising from Hodges's attempt to collect Arnett's overdue home owners association fees.

In April 2017, Arnett concedes that she "fell behind on her home owners association . . . fees and her account was sent to a third-party debt collector called EquityExperts.ORG ["Equity"] . . . for collection." (Compl. ¶ 8, ECF No. 1.) Approximately six months later, in October 2017, Arnett "received a statement from Equity . . . showing that it charged" her $2,378.00 in fees. (*Id.* ¶ 9.) Arnett avers that these fees have no "contractual or legal basis." (*Id.*)

Approximately three months later, on January 22, 2018, Arnett received a letter with attachments from Hodges,[3] which attempted to collect a debt that Arnett "allegedly[4] owed . . . to Belfair Community Association, Inc." (*Id.* ¶¶ 6, 10.) The attachments Hodges included with

---

[2] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For the purpose of the Rule 12(b)(6) Motion to Dismiss, "a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011)).

[3] Arnett asserts that in January 2018 she received a letter from Hodges regarding the debt and that after she "fell behind on her home owners association . . . fees . . . her account was sent to" Equity, who later sent her a "statement." (Compl. ¶¶ 8–10.) She does not explain the relationship, if any, between her home owners association, Equity, and Hodges. She also does not explain why she brings suit against Hodges only.
    Arnett also states that Hodges "is attempting to collect a consumer type debt allegedly owed by Plaintiff . . . to Belfair Community Association, Inc." (*Id.* ¶ 6.) In the sparse allegations of her Complaint, Arnett does not specify whether the Belfair Community Association, Inc. acts as the home owners association for her community.

[4] Although Arnett describes the amount Hodges seeks as an "alleged debt," she concedes that she "fell behind on her home owners association . . . fees." (Compl. ¶¶ 6, 8.)

2

the letter listed two different amounts Arnett owed for the debt—$3,920.00 and $3,995.00—a $75.00 (or approximately 1.9%) difference.

Arnett contends that Hodges violated 15 U.S.C. § 1692e[5] of the FDCPA by: (1) "misrepresenting the character, amount, or legal status of any debt;" and, (2) "using false representations or deceptive means to collect or attempt to collect any debt."[6] (*Id.* ¶¶ 20(a)–(b).) She also alleges that Hodges violated 15 U.S.C. § 1692f[7] by "attempting to collect fees and charges for which there is no expressly authorized agreement with [her] . . . to pay and for which there is no basis in law to charge her." (*Id.* ¶ 20(c).)

Arnett asserts that she "is under duress as she does [not] know how much she owes for the [a]lleged [d]ebt" and claims that she "has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA." (*Id.* ¶¶ 21–22.) Arnett seeks "actual damages, costs, interest, and attorneys' fees." (*Id.* 6.)

---

[5] Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute gives examples of conduct that violate it, including "[t]he false representation of . . . the character, amount, or legal status of any debt; or . . . [t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

[6] The Court will treat these claims, which track the language of two separate subsections of § 1692e, as a single count brought under 15 U.S.C. § 1692e because Arnett does not explain how Hodges violated § 1692e by means other than listing two different amounts for the debt. *See* 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

[7] Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. It delineates conduct that violates the statute, including "[t]he collection of any amount (including any . . . fee . . .) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

Rather than answer Arnett's Complaint, Hodges filed the instant Motion to Dismiss. Arnett responded[8] and Hodges replied.

## II. Standard of Review: Rule 12(b)(6)[9]

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990) ). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.") Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This analysis is context-specific and

---

[8] In her Response to the Motion to Dismiss, Arnett asks that "if this Court determines that Plaintiff has failed to plead sufficient facts, Plaintiff requests this Court to grant leave for her to amend the complaint to do so." (Resp. Mot. Dismiss 9, ECF No. 6.)

[9] The Court notes that Arnett included in her Response to the Motion to Dismiss the standard of review for both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) motions. Because Hodges filed the Motion to Dismiss under Rule 12(b)(6) and did not challenge the Court's subject matter jurisdiction, the Court will apply the Rule 12(b)(6) standard of review.

4

requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193 (citation omitted). The Court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 676-79; *see also Kensington*, 684 F.3d at 467 (finding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *Kolon Indus.*, 637 F.3d at 440)).

### III. Analysis

#### A. Legal Standard: FDCPA Claims Generally

"'The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage.'" *Lembach v. Bierman*, 528 F. App'x 297, 301 (4th Cir. 2013) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996)). To prevail on an FDCPA claim, a plaintiff must allege that: (1) he or she was the object of collection activity arising from a consumer debt as defined by the FDCPA; (2) the defendant is a debt collector as defined by the FDCPA; and, (3) the defendant engaged in an act or omission prohibited by the FDCPA, such as using a false, deceptive, or misleading representation or means in connection with the collection of any debt. *See Moore v. Commonwealth Trs., LLC*, No. 3:09CV731, 2010 WL 4272984, at *2 (E.D. Va. Oct. 25, 2010) (citing *Blagogee v. Equity Trustees, LLC*, No. 1:10cv13, 2010 WL 2933963, at *5 (E.D. Va. July 26, 2010)); *see also* § 1692e.

### B. The Court Will Dismiss Arnett's § 1692e Claim Because She Fails to Allege a Material Misrepresentation to Support This FDCPA Claim

Arnett alleges that Hodges violated § 1692e "by listing different amounts for the alleged [d]ebt." (Compl. ¶ 20(b).) Because the $75.00 difference does not constitute a material misrepresentation, the Court will dismiss Arnett's § 1692e claims.

Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "Whether a communication is false, misleading, or deceptive in violation of § 1692e is determined from the vantage of the 'least sophisticated consumer,' evaluating how that consumer 'would interpret the allegedly offensive language.'" *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 126 (4th Cir. 2014) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 394–95 (4th Cir. 2014)). When a party alleges misrepresentations, the court must determine whether the misrepresentations are material.[10] *Lembach*, 528 F. App'x at 302. Under this standard, "courts typically ask whether [a false statement] would mislead or deceive the least sophisticated consumer with respect to the alleged debt," by affecting a consumer's ability to make intelligent decisions as to the debt. *Penn v. Cumberland*, 883 F. Supp. 2d 581,

---

[10] In her Response to the Motion to Dismiss, Arnett asserts that Hodges's argument that the misstatement "is *de minimus* and therefore cannot be the basis for a claim under the FDCPA ... lacks merit." (Resp. Mot. Dismiss 6 (citing *McLean v. Ray*, 488 Fed. App's 677 (4th Cir. 2012), ECF No. 6.) Arnett contends that because the FDCPA is a "strict liability statute," even the $75.00 discrepancy between the amounts listed in Hodges's letter and its attachments can form the basis of her § 1692e claim. (*Id.* 6–7.) Arnett misplaces her reliance on the now-outdated legal standard in *McLean*.

In *McLean v. Ray* the United States Court of Appeals for the Fourth Circuit stated that "[t]he FDCPA is a strict liability statute that prohibits false or deceptive representations in collecting a debt, as well as certain abusive debt collection practices." 488 Fed. App'x 677, 682 (4th Cir. 2012). However, the Fourth Circuit later adopted the materiality requirement, *Lembach*, 528 Fed. App'x 297, and that legal standard now plainly controls. *See Powell*, 782 F.3d at 126 (applying the materiality requirement). For this reason, the Court must determine whether the $75.00 discrepancy constitutes an actionable material misrepresentation under the FDCPA.

589 (E.D. Va. 2012). "The materiality requirement limits liability under the FDCPA to genuinely false or misleading statements that 'may frustrate a consumer's ability to intelligently choose his or her response.'" *Powell*, 782 F.3d at 126 (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)). "Thus, only misstatements that are important in the sense that they could objectively affect the least sophisticated consumer's decisionmaking are actionable." *Id.* (citing *Black's Law Dictionary* 1124 (10th ed. 2014) (defining "material")).

Here, rather than suggesting that the $75.00 discrepancy between the amount stated constitutes a windfall or a waiver of that amount, Arnett argues that it represents a violation of the FDCPA. Although Arnett states that she "is under duress as she does [not] know how much she owes for the [a]lleged [d]ebt," (Compl. ¶ 21), this conclusory allegation does not salvage Arnett's claim. *See Twombly*, 550 U.S. at 556 (finding that a complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged).

In the case at bar, Hodges has *understated* the amount Arnett owes. It has done so by *only* $75.00 (or approximately 1.9%). In *Dudley*, a court in this district found that "[a]s a matter of law, a 2-percent discount on collection fees is not an 'unfair' or 'unconscionable' debt-collection practice prohibited by the" FDCPA. *Dudley v. Focused Recovery Sols., Inc.*, No. 4:17cv10, 2017 WL 2981345, at * 6 (E.D. Va. July 12, 2017). The *Dudley* court concluded that even if such a small discrepancy would violate the FDCPA because "the collection fee charged was *less* than the contract provided," the claim would still fail because "[n]othing unfair was afoot, and any contrary inference is unwarranted." *Id.* (citing *Iqbal*, 556 U.S. at 679). This minimal discrepancy does not rise to the level of an "important" misstatement "that could objectively affect the least sophisticated consumer's decisionmaking." *Powell*, 782 F.3d at

7

126;[11] *see also Gates v. Asset Acceptance, LLC*, 801 F. Supp. 2d 1044, 1047–48 (S.D. Cal. 2011);[12] *Dudley*, 2017 WL 2981345 at * 6. For this reason, Arnett's § 1692e claim fails and the Court will grant the Motion to Dismiss Arnett's § 1692e claim.[13]

### C. The Court Will Dismiss Arnett's § 1692f Claim Because She Fails to Allege Sufficient Facts to Support This FDCPA Claim

Arnett also contends that Hodges attempted "to collect fees and charges for which no expressly authorized agreement existed," in violation of § 1692f. (Compl. ¶ 20.) Although Arnett lists several improper fees that Equity allegedly charged her, she has failed to allege sufficient facts in her Complaint to plausibly support her § 1692f claim. *See Twombly*, 550 U.S. at 556.

---

[11] Although the Fourth Circuit has not explicitly held that a *de minimus* amount fails to support a claim under the FDCPA, it has expressed skepticism that it might do so. *See Powell*, 782 F.3d at 127 (stating that "a de minimis misstatement of the total amount owed might not be actionable," but finding that a 50% overstatement "was material under any standard").

[12] In *Gates*, the United States District Court for the Southern District of California found that "a misstatement is not material" when "the state court complaint sought an incorrect rate of interest, [and therefore] . . . sought less interest than the amount owed." *Gates*, 801 F. Supp. 2d at 1047–48 (citing *Lane v. Gordan*, 2011 WL 488901, at *1 (D. Or. Feb. 7, 2011)).

[13] In response to the Motion to Dismiss, Arnett attempts to clarify her claim: "This lawsuit arises from Defendant's attempted collection of $2,378.00 in third-party collection fees that Plaintiff did not owe." (Resp. Mot. Dismiss 1.) She states that "Defendant apparently misunderstands the gravamen of Plaintiff's claims. Plaintiff primarily alleges that Defendant seeks to collect $2,378.00 from Plaintiff that she does not owe, not $75.00." (*Id.*)
  Although Arnett's Complaint lists the "illegal and bogus fees" Equity allegedly charged her, (Compl. ¶ 9), nothing in the Complaint suggests that these fees constitute the basis of Arnett's FDCPA claims. Rather, Arnett expressly asserts that Hodges violated the FDCPA by "listing two different amounts" for the debt. (Compl. ¶ 13; *see* Compl. ¶ 20(b).)
  To the extent Arnett alleges a cause of action challenging allegedly illegal fees, her Complaint—not her Response to the Motion to Dismiss—must present the claim. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); *Mylan Labs, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) ("[I]t is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984))).

8

Section 1692f broadly provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. "[T]he courts use § 1692f to punish conduct that [the] FDCPA does not specifically cover." *Lembach*, 528 Fed. App'x at 304. For this reason, "a § 1692f cause of action may not be based on the 'same alleged misconduct that undergirds [a] §1692e claim.'" *Dudley*, 2017 WL 2981345 at *4 n.3 (quoting *Biber v. Pioneer Credit Recovery, Inc.*, No. 1:16-cv-804, 2017 WL 118037, at *11 (E.D. Va. Jan. 11, 2017)).

Here, Arnett does not allege sufficient facts to demonstrate that the fees charged by Equity (a non-party to this suit) amount to a violation of § 1692f for which Hodges (the named defendant) can be held accountable.[14] Arnett simply lists the fees themselves and provides no factual, legal, or other support for her conclusory contention that Hodges violated § 1692f because "there is no expressly authorized agreement with the Plaintiff to pay [the fees] and for

---

[14] Hodges attaches several documents to the Motion to Dismiss: (1) the "relevant [home owners' association] Declaration of Covenants;" (2) the "Assessment Collections Policy;" and, (3) the "Notice and Motion for Judgment and Equity Experts Affidavit and Summary of Account." (*See* Mem. Supp. Mot. Dismiss Exs. A–C, ECF Nos. 4-1–4-3.) Hodges argues that these documents demonstrate that "[b]ecause the Assessment Collections Policy provides the basis for the various fees sought by Hodges, Hodges does not misstate the debt." (Mem. Supp. Mot. Dismiss 4.)

Arnett counters that the Court should not consider these documents in deciding the Motion to Dismiss because she did not refer to several of them in the Complaint and Hodges "introduces these documents to argue its *defense* that it had a legal basis to collect the full amount of the alleged debt from Plaintiff." (Resp. Mot. Dismiss 4–5 (emphasis in original).)

Generally, a court ruling on a Rule 12(b)(6) motion to dismiss looks only to the face of the Complaint, although "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citations omitted). These documents likely qualify under the *Witthohn* exception. In any event, the Court need not reach the issue here because Arnett failed to allege sufficient facts to properly plead her claims.

which there is no basis in law to charge her."[15] (Compl. ¶¶ 9, 20(c).) Such "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis*, 588 F.3d at 193. Because Arnett's Complaint[16] omits the factual allegations necessary to plausibly support her § 1692f claim, the Court will grant the Motion to Dismiss Arnett's § 1692f claim.[17]

### IV. Conclusion

For the foregoing reasons, the Court will grant the Motion to Dismiss, (ECF No. 3), and dismiss Arnett's Complaint, (ECF No. 1). However, given the additional factual allegations contained in the response to the Motion to Dismiss, the Court will allow Arnett to amend her Complaint.

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 9/4/2019
Richmond, Virginia

---

[15] For example, Arnett neither provides factual assertions about the existence or absence of the relevant agreement, nor does she explain why no basis in law exists to charge her these fees.

[16] Arnett improperly seeks to expand on the allegations in her Complaint by adding factual assertions in her Response to the Motion to Dismiss that her Complaint omits. Arnett suggests that the interplay between the bylaws and Equity's practice demonstrate a FDCPA violation. But, "it is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss," *Akzo, N.V.*, 770 F. Supp. at 1068 (quoting *Car Carriers, Inc.*, 745 F.2d at 1107), so the Court will not consider any new factual allegations in deciding the Motion to Dismiss.

[17] Hodges contends that Arnett's § 1692f claim must fail because Arnett "fails to allege any conduct separate and distinct from the alleged § 1692e violations." (Mem. Supp. Mot. Dismiss 8.) Even assuming that Arnett intended to assert that Hodges violated § 1692f because it stated two different amounts for the alleged debt—the same conduct which undergirds her § 1692e claim—the Court would still find that the § 1692f would falter because Arnett bases her § 1692f claim on the same conduct as her § 1692e claim. *See Dudley*, 2017 WL 2981345 at *4 n.3.