IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Lorranda Arnett,<br><br>    Plaintiff,<br><br>    vs.<br><br>Hodges Law Office, PLLC,<br>a Virginia limited liability company, and<br>THOMAS HODGES, jointly and<br>severally,<br><br>    Defendant. | Case No.: 3:18-cv-370-MHL<br><br><br><br>**FIRST AMENDED COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, LORRANDA ARNETT, BY AND THROUGH COUNSEL, ROBERT MILLER, and for her Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## **VENUE**

2. The transactions and occurrences which give rise to this action occurred in the City of Richmond, Virginia.

3. Venue is proper in the Eastern District of Virginia.

## PARTIES

4. Plaintiff is a natural person residing in City of Richmond, Virginia.

5. Defendant Hodges Law Office, PLLC, ("Hodges Law") which is a Virginia limited liability company that conducts business in the state of Virginia.

6. Defendant Thomas Hodges ("Hodges") owns, manages and controls litigation and collection policy at Hodges Law.

## GENERAL ALLEGATIONS

7. Defendants are each attempting to collect a consumer type debt allegedly owed by Plaintiff ("the Debt") with file number 5943 to Belfair Community Association, Inc. ("HOA") in the amount of $3,920.00.

8. Plaintiff's HOA fees are $75, which she pays monthly.

9. In April 2017, Ms. Arnett fell behind on her fees to the HOA and her account was sent to a third-party debt collector called EquityExperts.org, ("EE") for collection.

10. On or about October 17, 2017, Ms. Arnett received a statement from EE showing that it charged Ms. Arnett the following illegal and bogus fees, each of which violate the Fair Debt Collection Practices Act because none has a contractual or legal basis:

    a. A "Delinquency Processing Fee" was charged on 04/26/2017 in the amount of $15.00;

    b. An "Account Turnover Fee" was charged on 04/26/2017 in the amount of $25.00;

    c. A payment plan fee of $100 was also added to the account. Neither the Defendant's agreement with the HOA nor any other law provided the Defendant a legal basis to pursue this charge from the Plaintiff.

11. The following charges for which the Defendants have attempted to collect from the Plaintiff were, upon information and believe never paid to any attorney or any third party, and thus were never charges incurred by the HOA or by EquityExperts:

    a. A "Lien Fee VA Tom Hodges" fee was charged on 08/21/2017 in the amount of $75.00.

    b. An attorney fee of $843.75;

12. Defendants are attempting to collect charges from the Plaintiff for which there is no legal basis.

13. In a very similar situation, the U.S. Supreme Court in *Heintz v Jenkins*, 514 U.S. 291 (1995), the Court upheld a decision by the trial court holding the collection attorney liable for the addition of a charge to the account made by

the principal but for which the consumer was not liable. This is a very similar case.

14. As a direct and proximate cause of Defendants' actions, Ms. Arnett suffered pecuniary and emotional damages.

## COUNT I-VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times, each Defendant, in the ordinary course of his/its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

18. Each Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. The Debt is a consumer type debt as defined by the FDCPA.

20. 15 USC 1692f prohibits a debt collector from using unfair or unconscionable means to collect a debt. Subsection (1) of this section specifically prohibits "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

21. The above collection charges assessed by EE in this case were never sanctioned by any agreement between the Plaintiff and her HOA, nor any agreement between EE and the HOA.  Further, there is no legal basis for EE to have assessed these charges nor for the Defendants to have attempted to have collected them.  Inasmuch as these charges were sanctioned by any contract or law, the Defendants, jointly and severally violated 15 USC 1692f as they had no authority collect these charges from the Plaintiff.

22. Moreover, the Defendants each violated 15 USC 1692f by attempting to collect charges which were never paid over to any attorney or third party.

23. As a direct and proximate cause of the Defendants' violation of 15 USC 1692f, the Plaintiff has suffered emotional and pecuniary damages.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendants, jointly and severally, for actual damages, costs, interest, and attorneys' fees.

### **DEMAND FOR JUDGMENT RELIEF**

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendants:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  October 4, 2019

By: /s/ Robert Miller
Robert Miller, Esq.
VSB: 89413
5308 Staples Mill Road
Richmond, VA 23228
(804) 325-1245
robert@smithstrong.com
Attorney for Plaintiff,
Lorranda Arnett