IN THE UNITED STATES DIISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIIA
Richmond Division

**LORRANDA ARNETT,**

        **Plaintiff,**

v.                                                                                                      Civil Action No. 3:18cv370

**HODGES LAW FIRM,**
**PLLC,** *et al.,*

        **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendants Hodges Law Office, PLLC ("Hodges Law") and Thomas Hodges's ("Hodges") Motion to Dismiss Amended Complaint (the "Second Motion to Dismiss"). (ECF No. 13.) Plaintiff Lorranda Arnett responded, (ECF No. 15), and Hodges Law and Hodges replied, (ECF No. 16). This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[1] For the reasons that follow, the Court will grant the Motion to Dismiss with prejudice.

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Amended Complaint alleges that Hodges Law and Hodges violated Arnett's rights protected by the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692f.

## I. Procedural and Factual Background

### A.     Procedural Background

Arnett originally brought her Complaint against Hodges Law alleging three violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692e[2] and 1692f,[3] arising from Hodges Law's attempt to collect Arnett's overdue home owners association fees.

Hodges Law filed a Motion to Dismiss (the "First Motion to Dismiss") pursuant to Federal Rules of Civil Procedure 12(b)(6).[4] (First Mot. Dismiss 1, ECF No. 3.) The Court granted the First Motion to Dismiss and dismissed all three FDCPA violations raised by Arnett. (Sept. 4, 2019 Mem. Op. 1, ECF No. 10; Sept. 4, 2019 Order 1, ECF No. 11.) The Court granted Arnett leave to amend her claim in part because she improperly added new factual allegations in her response to the First Motion to Dismiss. (*Id.*)

Arnett timely filed the Amended Complaint naming not just Hodges Law, but also Thomas Hodges.[5] Rather than bring claims under both §§ 1692e and 1692f, in the Amended

---

[2] Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute gives examples of conduct that violate it, including "[t]he false representation of . . . the character, amount, or legal status of any debt; or . . . [t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

[3] Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. It delineates conduct that violates the statute, including "[t]he collection of any amount (including any . . . fee . . .) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

[4] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[5] In Arnett's original Complaint, she named only Hodges Law, "a Virginia limited liability company." (Compl. ¶ 5, ECF No. 1.) In her Amended Complaint, Arnett also brings

2

Complaint, Arnett brings claims under § 1692f only. Hodges Law and Hodges then filed the Second Motion to Dismiss. Arnett responded and Hodges Law and Hodges replied.

### B. Factual Background[6]

Arnett brings her Amended Complaint against Hodges Law and Hodges alleging two violations of the FDCPA, 15 U.S.C. § 1692f, arising from Hodges Law and Hodges's attempt to collect Arnett's overdue home owners association fees.

Arnett asserts that Hodges Law and Hodges "are each attempting to collect a consumer type debt allegedly owed by [Arnett] . . . to Belfair Community Association, Inc. ('HOA')."[7] (Am. Compl. ¶ 7.) Although referring to the debt as "alleged," Arnett concedes that, in April 2017, she "fell behind on her fees to the [home owners association] and her account was sent to a third-party debt collector called EquityExperts.org ['Equity'] . . . for collection."[8] (*Id.* ¶ 9.)

---

suit against Thomas Hodges, who "owns, manages and controls litigation and collection policy at Hodges Law." (Am. Compl. ¶¶ 5–6, ECF No. 12.)

[6] For the purpose of the Rule 12(b)(6) Motion to Dismiss, "a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011)).

[7] In the September 4, 2019 Memorandum Opinion granting the First Motion to Dismiss, the Court noted that Arnett did not specify whether the Belfair Community Association, Inc. ("Belfair") acts as the home owners association for her community. (Sept. 4, 2019 Mem. Op. 2.) Arnett's original Complaint simply referred to Belfair as "('the Association')." (Comp. ¶ 6.) In her Amended Complaint, Arnett clarifies the record by calling Belfair the "('HOA')." (Am. Compl. ¶ 7.)

[8] In the September 4, 2019 Memorandum Opinion, the Court noted that Arnett's original Complaint did not explain "the relationship, if any, between her home owners association, Equity, Hodges Law, and Hodges. She also [did] not explain why she [brought] suit against Hodges [Law] only." (Sept. 4, 2019 Mem. Op. 2.) Arnett does not resolve either of these uncertainties in her Amended Complaint. First, she again fails to explain the relationship among her home owners association (Belfair), Equity, Hodges, and Hodges Law. (Amend. Compl. 2–5.) Second, she does not explain why she brings suit against Hodges Law and Hodges rather

3

Approximately six months later, in October 2017, Arnett "received a statement from [Equity] showing that it charged" her $1,058.75 in fees.[9] (*Id.* ¶ 10.) Arnett specifies that the collection fees include a delinquency processing fee ($15.00); an account turnover fee ($25.00); a payment plan charge ($100.00); attorneys' fees ($843.75); and a lien fee ($75.00). (*Id.* ¶¶ 10–11.) Arnett asserts that these fees have no "contractual or legal basis." (*Id.* ¶ 10.)

Arnett alleges that Hodges Law and Hodges violated 15 U.S.C. § 1692f of the FDCPA because, in the absence of an express agreement among the parties, "there is no legal basis for [Equity] to have assessed these charges nor for [Hodges Law or Hodges] to have attempted to ... collect[] them."[10] (*Id.* ¶ 21.) Arnett states that no express agreement exists. (*See id.* ¶ 21.) Arnett advances that, with no extant underlying agreement, Hodges Law and Hodges "had no authority [to] collect these charges from [her]" under § 1692f. (*Id.*) Arnett asserts that

---

than Equity, despite directing all of her allegations toward actions taken by Equity, not Hodges Law or Hodges. (*Id.*)

[9] In the Amended Complaint, Arnett fails to allege any facts regarding any communication or efforts by Hodges or Hodges Law to collect the HOA fees. The facts provided indicate that only Equity, a non-party to this lawsuit, carried out the alleged collection activities. In Arnett's original Complaint, she alleged that she "received a letter from [Hodges Law] attempting to collect the alleged Debt." (Compl. ¶ 10.) Arnett omits this factual allegation in the Amended Complaint.

[10] In the sparse allegations of Arnett's Amended Complaint, she alleges that the collection fees "assessed by [Equity] in this case were never sanctioned by any agreement between [Arnett] and her HOA, nor any agreement between [Equity] and the HOA." (Am. Compl. ¶ 21.) Although Arnett must plead sufficient facts only to make her claim plausible, her broad factual allegations regarding these agreements without any additional support (including the agreements themselves) preclude the Court from concluding, even at this early stage, that any entity charged her fees without a contractual or legal basis.

4

Hodges Law and Hodges violated 15 U.S.C. 1692f "by attempting to collect charges which were never paid over to any attorney or third party."[11] (*Id.* ¶ 22.)

Finally, Arnett contends that "[a]s a direct and proximate cause of [Hodges Law and Hodges's] violation of 15 U.S.C. [§] 1692f, [she] has suffered emotional and pecuniary damages." (*Id.* ¶ 23.) Arnett seeks "actual damages, costs, interest, and attorneys' fees." (*Id.* 5.)

## II. Standard of Review: Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

---

[11] Arnett lists only one count in her Amended Complaint. However, she mentions two bases for that count when describing Hodges Law and Hodges's alleged conduct: (1) Hodges Law and Hodges had no authority to collect these charges from her, (Am. Compl. ¶ 21); and, (2) Hodges Law and Hodges attempted to collect charges that were never paid to any attorney or third party, (*id.* ¶ 22). Because Arnett brings both of these claims under § 1692f and fails to state a claim under § 1692f, the Court need not address these theories individually when deciding the Second Motion to Dismiss.

5

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193 (citation omitted). The Court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 676–79; *see also Kensington*, 684 F.3d at 467 (finding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *Kolon Indus.*, 637 F.3d at 440)).

### III. Analysis

#### A. Legal Standard: FDCPA Claims Generally

"'The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage.'" *Lembach v. Bierman*, 528 F. App'x 297, 301 (4th Cir. 2013) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996)). To prevail on an FDCPA claim, a plaintiff must allege that: (1) he or she was the object of collection activity arising from a consumer debt as defined by the FDCPA; (2) the defendant is a debt collector as defined by the FDCPA;[12] and, (3) the

---

[12] Arnett contends that the Supreme Court of the United States' decision in *Heintz v. Jenkins*, 514 U.S. 291 (1995), allows her to bring her § 1692f claim against a collection attorney, such as Hodges. (Am. Compl. ¶ 13.) Although an attorney may qualify as a debt collector under the FDCPA, *Heintz* does not control here. *See Heintz*, 514 U.S. at 299.

In *Heintz*, the Supreme Court held that the FDCPA applies to attorneys "who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Id.* The defendant in *Heintz*, an attorney, represented the bank as the bank attempted to collect a debt owed by the plaintiff. *Id.* at 293. The defendant attorney sent a letter to the plaintiff's attorney regarding the amount owed under the loan agreement. *Id.* The Supreme Court held that the

6

defendant engaged in an act or omission prohibited by the FDCPA, such as using a false, deceptive, or misleading representation or means in connection with the collection of any debt. *See Moore v. Commonwealth Trs., LLC*, No. 3:09CV731, 2010 WL 4272984, at *2 (E.D. Va. Oct. 25, 2010) (citing *Blagogee v. Equity Trustees, LLC*, No. 1:10cv13, 2010 WL 2933963, at *5 (E.D. Va. July 26, 2010)).

### B. The Court Will Dismiss Arnett's § 1692f Claim Because She Fails to Allege Sufficient Facts to Support This FDCPA Claim

Arnett contends that Hodges Law and Hodges attempted "to collect charges from [her] for which there is no legal basis," in violation of § 1692f. (Am. Compl. ¶ 12.) Arnett contends that no existing agreement "between [Arnett] and her HOA" or "between [Equity] and the HOA" expressly authorized these charges. (*Id.* ¶ 21.) Although Arnett lists several "illegal and bogus" fees that Equity allegedly charged her, (*id.* ¶ 10), even read favorably, she fails to allege sufficient facts in her Amended Complaint to plausibly support her § 1692f claim, *see Twombly*, 550 U.S. at 556.

---

defendant attorney constituted a debt collector under the FDCPA because he "regularly" engaged in consumer-debt-collection activities by attempting to "obtain payment of consumer debts through legal proceedings." *Id.* at 294.

Although *Heintz* supports Arnett's *ability* to name Hodges as a defendant in this matter, it does not provide the support Arnett seeks in *sustaining* her claim. *Heintz* is factually distinct. First, in *Heintz* the defendant attorney directly engaged in attempts to collect the debt from the plaintiff. *See id.* Even when given the opportunity to amend her Complaint, Arnett omits any factual allegations that Hodges "regularly" engaged in consumer-debt-collection activities. Indeed, even read favorably, Arnett asserts only that Equity—not Hodges—attempted to collect the debt from her.

Second, in *Heinz*, the defendant attorney litigated on behalf of the bank that issued the plaintiff her loan. *Id.* Here, Arnett does not even suggest that Hodges Law or Hodges represented Belfair in its attempts to collect the alleged debt. Rather, even in this Amended Complaint, Arnett fails to establish any connection among Belfair, Equity, Hodges Law, and Hodges.

7

Section 1692f broadly provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Subsection § 1692f(1) further punishes "the collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.*

Here, even on her second attempt, Arnett does not allege sufficient facts to demonstrate that the fees charged by Equity (a non-party to this suit) amount to a violation of § 1692f for which Hodges Law and Hodges (the named defendants) can be held accountable.[13] Arnett simply lists the fees themselves absent any factual, legal, or other support for her conclusory contention that Hodges Law and Hodges violated § 1692f. As the basis for her claim that Hodges Law and Hodges had no authority to collect these charges, Arnett asserts that the collection charges "assessed by [Equity] were never sanctioned by any agreement between [her]

---

[13] Hodges Law and Hodges attach two documents to the Second Motion to Dismiss: (1) the "Belfair . . . Declaration of Covenants;" and, (2) the "Assessment Collections Policy." (*See* Mem. Supp. Second Mot. Dismiss Exs. A–B, ECF Nos. 14-1–14-2.) Hodges Law and Hodges argue that these documents demonstrate that "[b]ecause the Declaration and Assessment Collections Policy provide the basis for the various fees sought by Equity Experts, it cannot be said that the charges lack basis in violation of § 1692f of the FDCPA." (Mem. Supp. Mot. Dismiss 6.)

Arnett counters that the Court should not consider these documents in deciding the Second Motion to Dismiss because she did not refer to them in the Amended Complaint and Hodges Law and Hodges attach "these documents to argue their *defense* that they had a legal basis to collect certain fees from Plaintiff." (Resp. Second Mot. Dismiss 4–5, ECF No. 15 (emphasis in original).)

Generally, a court ruling on a Rule 12(b)(6) motion to dismiss looks only to the face of the Complaint, although "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citations omitted). These documents likely qualify under the *Witthohn* exception. But because the Court concludes that Arnett fails to plead sufficient factual allegations to plausibly state a claim against Hodges Law or Hodges, the Court need not address whether or not these documents authorized the fees.

and her HOA, nor any agreement between [Equity] and the HOA."[14] (Am. Compl. ¶ 21.) Arnett also repeats her contention that Hodges Law and Hodges violated § 1692f "by attempting to collect charges which were never paid over to any attorney or third party."[15] (*Id.* ¶ 22.) Such "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief."[16] *Francis*, 588 F.3d at 193. Because Arnett's Amended Complaint[17] again omits the factual allegations necessary to

---

[14] Arnett neither provides factual assertions about the existence or absence of the relevant agreement, nor does she explain why no basis in law exists to charge her these fees.

[15] Even given a chance to do so, Arnett adds no facts regarding these charges. Rather, she again proffers conclusory statements which are insufficient to achieve facial plausibility. *See Twombly*, 550 U.S. at 556. Arnett chose not to correct deficiencies in her original Complaint that were identified in the September 4, 2019 Memorandum Opinion. As noted, the Amended Complaint fails to specify the relevant connections among Hodges, Hodges Law, Belfair, and/or Equity.

[16] Arnett contends that because she does not allege fraud or mistake, the applicable pleading standards do not require her to plead any additional facts. Although the higher pleading standard of Federal Rule of Civil Procedure 9(b) does not apply to Arnett's claims, she must still plead sufficient factual allegations to plausibly raise a claim against the *named* defendants. *See Iqbal*, 556 U.S. at 678. A claim is "facially plausib[le] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the [named] defendant is liable for the misconduct alleged." *Id.* The facts alleged in the Amended Complaint refer only to Belfair and Equity, neither of whom Arnett names as a defendant in, or a party to, this suit. Even read favorably, Arnett simply fails to plausibly identify how Hodges Law and Hodges have any connection to her FDCPA claims.

[17] As she did earlier, Arnett improperly seeks to expand on the allegations in her Amended Complaint by adding factual assertions in her Response to the Motion to Dismiss. Specifically, in her Response, Arnett suggests that the titles of the fees Equity charged her do not match the titles listed in the Declaration and Assessment Collections Policy. (Resp. Second Mot. Dismiss 7, ECF No. 15.) "[I]t is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss," *Mylan Labs, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)), so the Court will not consider any new factual allegations Arnett presented in her Response in deciding the Second Motion to Dismiss. In any event, the addition would be of no moment. These assertions would offer no insight into why Hodges Law or Hodges could be liable in this case.

plausibly support her § 1692f claim, the Court will grant the Second Motion to Dismiss Arnett's § 1692f claim with prejudice.

## IV. Conclusion

For the foregoing reasons, the Court will grant the Motion to Dismiss, (ECF No. 13), and dismiss Arnett's Amended Complaint, (ECF No. 12), with prejudice.

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 7/2/2020
Richmond, Virginia